**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NAN SAN MYINT,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 08-71859<br><br>Agency No. A095-876-729<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 8, 2013
Pasadena, California

Before: CANBY, REINHARDT, and WARDLAW, Circuit Judges.

Nan San Myint, a native and citizen of Burma, petitions for review of the

Board of Immigration Appeals' ("BIA") dismissal of her appeal from an

Immigration Judge's ("IJ") denial of asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to

8 U.S.C. § 1252. Because we conclude that the agency's adverse credibility

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

determination is not supported by substantial evidence, we grant the petition and remand for further proceedings pursuant to *INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).[1]

The BIA affirmed the IJ's adverse credibility determination, relying on purported inconsistencies in the record as to the date of Myint's first husband's death, his profession, his age when he died, and Myint's ability to work for a U.S. State Department official if she was using a fake passport. The three minor inconsistencies related to Myint's first husband are, as the BIA stated, of little significance. *See Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 660 (9th Cir. 2003) ("Minor inconsistencies in the record that do not relate to the basis of an applicant's alleged fear of persecution, go to the heart of the asylum claim, or reveal anything about an asylum applicant's fear for his safety are insufficient to support an adverse credibility finding.").

The fourth "inconsistency"—"how [Myint] came to work for a State Department official while using an allegedly fake passport"—is wholly speculative. Myint testified that the State Department official for whom she

---

[1]The passage of the REAL ID Act changed our standard of review of an IJ's adverse credibility finding. However, the relevant provisions of the Act are not applicable here because Myint filed her asylum application before the effective date of the Act. *See* Pub.L. 109-13, Div. B, Title I, § 101(h)(2), 119 Stat. 231 (May 11, 2005) (effective date).

worked did not ask for identity documents as a precondition to her employment, that the official asked for her passport only when necessary to obtain visas, and that Myint never had any problems traveling with the official and his family. That testimony was uncontradicted. Nevertheless, the IJ "just refuse[d] to acknowledge that [Myint] could obtain the security clearance necessary to accompany a foreign service officer to several countries" if her passport was fraudulent. The agency impermissibly assumed, without any record evidence, that the State Department thoroughly investigates all of its employees' domestic workers, including a foreign service officer's housekeeper, to determine whether they are security risks, and that Myint must have been subject to a background check.[2] Because "speculation and conjecture cannot form the basis of an adverse credibility finding, which must instead be based on substantial evidence," this purported inconsistency cannot support the agency's adverse credibility finding. *Ge v. Ashcroft*, 367 F.3d 1121, 1124 (9th Cir. 2004) (internal quotation marks and alteration omitted).

Because it is apparent from the record that the agency listed all possible reasons to support an adverse credibility determination and none is supported by

---

[2]The foreign service employee himself wrote an email that was part of the administrative record indicating that he was "not familiar with [Myint's] background in Burma" and "kn[e]w nothing of her identity other than the information in her passport."

3

substantial evidence, remand for further credibility findings is not necessary. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1095 (9th Cir. 2009). Accordingly, we grant the petition for review and remand to the agency to assess Myint's claims on the merits, deeming her testimony credible. *See id.* at 1095-96; *see also Ventura*, 537 U.S. at 16-18.

**PETITION GRANTED; REMANDED**.